**DEA HONG et al. v. NAGLE, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit. August 4, 1924.)

No. 4225.

1. **Habeas corpus** ⬤⟳85(1)—**Court could not say conflicting testimony was of no probative value.**

On habeas corpus to review proceedings to deport Chinese persons, court could not say that apparent conflict between testimony of their alleged father in 1900 and his testimony at hearing rendered former testimony of no probative value.

2. **Aliens** ⬤⟳32(9)—**Notice of failure to establish claim of relationship to native-born Chinese held sufficient.**

Department rule requiring board of special inquiry to give notice to applicant, stating wherein evidence of applicant's right to admission is

insufficient, does not require board to point out in detail every discrepancy and defect in proof, and notice stating that Chinese persons had failed to establish claimed relationship as sons of native-born citizen was sufficient.

3. **Habeas corpus** ☞113(5½)—**Court's inquiry cannot go beyond grounds stated in application for writ.**

   Circuit Court of Appeals cannot inquire beyond grounds on which writ of habeas corpus was based.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Petition for habeas corpus by Dea Hong and others against John D. Nagle, as Commissioner of Immigration at the Port of San Francisco. From an order denying the writ, petitioners appeal. Affirmed.

Stephen M. White, of San Francisco, Cal., for appellants.

John T. Williams, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. Dea Hong, Dea Chuck, Dea Ton, and Dea Fong made application to enter the United States at the port of San Francisco, as sons of Dea Chung Wing, a native-born citizen of the United States. The application was denied by the Department of Labor, and a petition for a writ of habeas corpus in their behalf was thereupon presented to the court below. The petition was based upon two grounds: First, because the decision of the board of special inquiry and the Secretary of Labor was based upon testimony given by the alleged father in 1900, before a referee appointed by the District Court of the United States, to the effect that he was not married in 1895, when his uncle visited China, whereas no such testimony was in fact given; and, second, because the board of special inquiry and the Secretary of Labor, while conceding that the alleged father was a native-born citizen of the United States, denied to the appellants an opportunity to prove their relationship to the alleged father. The petition was denied, and the petitioner has appealed.

[1] The facts in reference to the testimony given in 1900 are these: The alleged father, at that time, had sued out a writ of habeas corpus to gain admission to the United States as a citizen thereof, and was interrogated at some length as to his home life in China, but was not asked the direct question whether he was married or had children. He was asked the following question, however:

"Who was living with you in your house, besides your mother, when your uncle was in China? A. No one else."

On the present hearing the attention of the witness was directed to the above testimony given by him in 1900, and he stated that it was not true, that on the date referred to his wife and three children were living with him at his home in China, and that he had so stated on the habeas corpus hearing. It will thus be seen that there was at least apparent conflict between the testimony given in 1900 and the testimony given at the present hearing, and it cannot be said that the testimony given in

1900 was of no probative value. Whether sufficient of itself to justify the excluding decision we need not inquire, as the decision was not based upon that ground alone.

[2] The claim that the appellants were denied an opportunity to prove their relationship to the alleged father is based on one of the rules of the department, and the failure of the board of special inquiry to comply therewith. The rule provides:

"If upon examining the applicant and the witnesses appearing in his behalf, the board of special inquiry does not conclude that the applicant is admissible, notice shall be served upon the applicant or his attorney to that effect, such notice to state the respect or respects in which the evidence is deemed by the board of special inquiry to be insufficient."

The notice given in this case simply stated that the applicants had failed to establish, on primary inspection, the relationship claimed. This would seem to be a substantial compliance with the rule. An applicant may be denied admission on any one of several grounds, such as not being within the required age, that he is suffering from an infectious or contagious disease, that the relationship to, or the status of the alleged father has not been established, and a notice specifying any one of these grounds would seem to be sufficient. Certainly it cannot be said that it was the purpose of the rule to require the board of special inquiry to point out in detail every discrepancy in the testimony and every defect in the proof that might give rise to a doubt.

[3] This disposes of the two grounds upon which the application for a writ of habeas corpus was based, and beyond them we are not at liberty to inquire. Ex parte Yoshimasa Nomura (C. C. A.) 297 Fed. 191.

The order of the court below is affirmed.