BRADER v. ZURBRICK, District Director of Immigration.

No. 5489.

Circuit Court of Appeals, Sixth Circuit.

Feb. 21, 1930.

Catherine G. Herlehy, of Detroit, Mich., for appellant.

Donald B. Frederick, of Detroit, Mich. (David A. Wolff, of Detroit, Mich., on the brief), for appellee.

Before MOORMAN and HICKS, Circuit Judges, and ANDERSON, District Judge.

ANDERSON, District Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus. Appellant has been ordered deported to Germany as an alien prostitute. She attacks the order of deportation on the grounds that in the hearing before the Immigration Inspector the government failed to establish the two essential facts of alienage or of her being a prostitute.

■ The record shows that she came to this country in 1922, from Germany, and married Brader in 1923. Brader was born in Austria and came to this country when he was eleven years old. He testified that his father came to this country in 1901; that he voted in elections; that he had naturalization papers; that he was naturalized in Michigan City, Ind., probably in 1908, and all this before the witness reached his majority. While this was not the best evidence of the father's citizenship, it was enough under existing circumstances to shift the duty of going on with evidence to the contrary.

■ The government attempted to meet this testimony by an unverified statement contained in a letter from the clerk of the superior court at Michigan City, Ind., reading as

follows: "A search of the records of this court fails to show any record of naturalization papers having been issued to the said Louis Brader or his father."

This is a mere ex parte statement, unverified and is not evidence. Kwock Jan Fat v. White, 253 U. S. 454, 40 S. Ct. 566, 64 L. Ed. 1010; Maltez v. Nagle (C. C. A.) 27 F.(2d) 835.

■ An order of deportation must be predicated on finding of alienage. U. S. ex rel. Bilokumsky v. Tod, 263 U. S. 149, 44 S. Ct. 54, 68 L. Ed. 221.

■ The burden of proof is on the government when alienage is alleged. Riley v. Howes (C. C. A.) 24 F.(2d) 686.

In the instant case there is positive testimony as to the American citizenship of appellant's husband by both the husband and appellant. There is no evidence to the contrary offered by the government, the unverified statement in the letter relied on by the government not being evidence.

The acts of prostitution alleged and proved by the government occurred long after appellant's marriage to Brader.

As to the appellant being in fact a prostitute, the record is far from convincing. See United States v. Curran (C. C. A.) 8 F.(2d) 355. As far as the record shows she was a virtuous woman both in Germany and in this country, except for a period of five days. In 1924, a child was born to her and her husband failed to provide for her or the child. She went to work as a waitress and the record shows that she earned from $25 to $35 per week; that she was continuously employed; that she reared and supported her child in an exemplary manner; that she lived and associated with respectable people, except for a period of five days in 1926. She produced excellent character witnesses at the hearing, professed repentance for her short course of evil doing, and was voluble in her professions of future good conduct.

It is unnecessary to decide whether or not the acts of appellant for the short period of her misconduct would bring her under the ban of the deportation act, for the very sufficient reason that the government has failed to establish her alienage.

The order of the court below is reversed, and the cause remanded, with directions to issue an order discharging appellant from the custody of the immigration officials.