**LEE SICK KAY et al. v. NAGLE, Commissioner of Immigration.**

No. 6029.

Circuit Court of Appeals, Ninth Circuit.

April 7, 1930.

Russell P. Tyler, of San Francisco, Cal., for appellants.

George J. Hatfield, U. S. Atty., and Lucas E. Kilkenny, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

The appellants were born in China of Chinese parents and seek admission into the United States as citizens thereof by reason of the citizenship of their father, Lee Chung Lin. The father was originally admitted into the United States upon habeas corpus proceedings instituted in the District Court upon proof of his citizenship in 1898. At that time his testimony indicated that he was not married and had no children. In 1910 he returned from a visit to China with two Chinese boys whose admission he sought on the ground that they were his sons. At that time they testified that he was married in 1891, and that in 1898, when he was admitted to the United States, he had six children. These alleged sons were denied admission and deported to China. The applicants were born after 1910, and the alleged father again testified that he was married in 1891 to his wife, the mother of the applicants. The appellants were denied admission by the immigration authorities and ordered returned to China. This order was affirmed by the Secretary of Labor upon recommendation of the Board of Review in Washington. In the opinion of the Board of Review approved by the Secretary of Labor is the following statement of one of the reasons for the order:

"The alleged father attempted to secure the admission of two alleged sons in 1910, both of whom were denied admission and were deported. The ground for denial was that the alleged father was asked upon arrival in 1898 and later the same year on habeas corpus proceedings in the district court as to the occupants of his home in China. He accounted for four persons and failed to mention a wife or children. In addition, an alleged brother testifying at that time stated that neither he nor the alleged father of the applicants (his brother) were married. The present testimony is that the alleged father married in 1891 and had six children living in 1898. In the present case, it is agreed that the alleged paternal uncle of the applicants, Lee Hing (the alleged brother testifying in 1898) has four sons, three of whom were born prior to 1912. In 1912, when applying for a return certificate the alleged paternal uncle denied positively that he was married or had any children. The alleged father has testified in the present case that his mother returned to China with him in 1882 and remained there until her death in

1908. The records show that the alleged mother was in San Francisco in 1892."

There were other discrepancies developed in the testimony and particularly a conflict between the testimony of the alleged father and his sons with reference to the question of whether or not the alleged sons spent all day Sunday at the schoolhouse with their brother, a school teacher, or whether, as the father claimed, the schoolhouse was closed on Sunday and his three sons, the school teacher and the two applicants, spent their time at home on Sunday. The District Court denied the application of the appellants for a writ of habeas corpus, and they have taken this appeal.

■■ Appellants place particular emphasis upon the fact that the discrepancies in the father's testimony occurred before these applicants were born, and that such discrepancies should not be considered upon their present application for admission. Discrepancies are only significant in so far as they afford a basis for determining the credibility of the witnesses. In this case it appears that the alleged father, when seeking to establish his own right to admission, found it convenient to conceal the fact that he then had living six children, all of whom, by virtue of his admission, would be entitled to admission. Later he changed his testimony, claiming to have been married in 1891, and to this later statement he now adheres in a renewed effort to secure the admission of the alleged offspring of the marriage in 1891. In view of the fact that the discrepancies in the father's testimony are upon the very question inquired into upon his application, namely, as to whether or not the children are the result of a lawful marriage, it cannot be said that the refusal of the immigration authorities to credit his present testimony is so unfair and unreasonable as to justify an interference with their order upon the ground that the applicants have not been accorded due process of law.

Order affirmed.