**LOUIE FOO v. NAGLE, Commissioner of Immigration.**

No. 6623.

Circuit Court of Appeals, Ninth Circuit.

March 7, 1932.

Russell P. Tyler, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and L. E. Kilkenny, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a denial of a writ of habeas corpus filed on behalf of Louie Foo by his alleged father Louie Shew. That Louie Shew is a citizen of the United States by reason of his birth in San Francisco is ad-

mitted. When he was about three years old he went to China with his father and remained there until 1899, when he returned to California, and was admitted as a citizen of the United States. It is now claimed, and the testimony on behalf of applicant tends to show that previous to the return of Louie Shew, applicant's alleged father, to this country in 1899, he had married in China and that three sons, one of them the applicant, were born of this marriage. The rejection of the applicant is mainly based upon the fact that at the time of his admission to the United States in 1899 he represented that he was unmarried and had no children, although he now testifies that he was in fact married and had two children at that time, a third son being born shortly after his return to the United States. He now claims that his wife and children were at that time living with his mother, the applicant's grandmother, in China; that on the occasion of his application for admission in 1899 he was not directly asked and did not directly state that he was not married and that he had no children; that his attention was not at that time specifically directed to the matter. It is also suggested in the argument that in his application for admission in 1899 he did not volunteer any information concerning his marriage because of his fear that if he revealed that fact he would have been denied admission under the practice of the department, as he understood it.

In 1899 he was asked:

"How many people live in your house in China?" He answered: "My mother and I."

"Q. No servants? A. No.

"Q. Is this statement correct? A. Yes."

At that time, Ham Hung, testifying in his behalf was asked, "How many people lived in the boy's home in China," and answered, "Just the boy and his parents." He also testified he had known Louie Shew more than 20 years, and in response to the question, "Is he married," replied, "No."

The appellant contends that Ham Hung's statement made in 1899 that Louie Shew was not married was not evidence of that fact for the reason that when he visited the home of the alleged father in 1898 and saw him and talked with him he did not live in the same village, and therefore had no knowledge of the fact to which he testified. On March 13, 1923, the alleged father, desiring to return to China, appeared before the immigration authorities and stated that he had three children, Louie Foo, the present applicant, born April 14, 1896, Louie Kee, born June 8, 1898, and Louie Wing, born February 21, 1900. On the hearing for admission of applicant, the alleged father testified that he was married to Chin Shee, the mother of his children, on February 24, 1896, and that the applicant was born April 4, 1897, that Louie Kee was born September 30, 1898, and Louie Wing was born February 14, 1900.

Because of these discrepancies in the testimony of the alleged father at the time of his own admission in 1899, at the time of his application to the immigration authorities on March 3, 1923, and at the time of the present application of his alleged son for admission, the immigration authorities rejected the testimony of the alleged father and son and denied admission to the applicant on the ground that he had failed to establish his American citizenship.

At the outset it should be stated that the alleged father and son had not seen each other since 1899, when, according to the testimony of both, the applicant was about three years of age. See Jue Yim Ton v. Nagle (C. C. A.) 48 F.(2d) 752. While it is true that in this instance there is no admission by the applicant's alleged father that he had purposely deceived the immigration officers at the time of his admission in 1899 by false testimony or otherwise, and therefore the situation is not covered by our decision in Weedin v. Ng Bin Fong, 24 F.(2d) 821, the question for our consideration is whether or not the rejection of his testimony by the immigration authorities on the present hearing was so arbitrary as to justify the court in ignoring the decision of the immigration authorities as arbitrary and unreasonable. We think that the conclusion of the immigration authorities cannot thus be ignored. In Lee Sick Kay v. Nagle (C. C. A.) 39 F.(2d) 895, the applicant concealed from the immigration authorities at the time of his own admission that he had six living children. We there declined to interfere with the conclusion of the Immigration Authorities.

In Dea Hong v. Nagle (C. C. A.) 300 F. 727, the applicant, upon his admission, had testified in the same manner as the applicant's father upon his admission in the case at bar, that is, that no one was living with him at his home in China besides his mother. Later on he stated that he had a wife and three children, who were living with him at his home in China at the time of his admission. The only distinction between that case and the case at bar is that in the former the father admitted that he had stated an untruth when he said that no one lived with him and his

mother in his home in China, whereas in the present case the appellant's alleged father, when his attention is called to his testimony given in 1899, evades the issue by stating that he was not then asked whether or not he was married. It is inconceivable that he overlooked the fact that he had in his home a wife and two children, or that his answer given in 1899 was given in good faith, if such were the fact.

Order affirmed.