## OW TAI JUNG v. HAFF.
### No. 8331.

Circuit Court of Appeals, Ninth Circuit.
April 5, 1937.

James M. Hanley, of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., and Robert L. McWilliams, Asst. U. S. Atty., both of San Francisco, Cal. (Arthur J. Phelan, U. S. Immigration and Naturalization Service, of San Francisco, Cal., on the brief), for appellee.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

From an order remanding petitioner for deportation, this appeal is prosecuted.

The appellant claims to be a citizen of China, and was ordered deported by the Secretary of Labor under Act of February 18, 1931 (8 U.S.C.A. § 156a). The appellant had pleaded guilty to two indictments charging violation of the Jones-Miller Act (21 U.S.C.A. § 174) on the 6th day of October, 1934, and the 11th day of April, 1935, respectively. The only issue in dispute is that he is "an addict who is not a dealer in, or peddler of, any of the narcotic drugs mentioned in this section," and may not be deported. It is urged by the appellant that while there is testimony before the Department of Labor that he is a dealer, that such testimony is unworthy of belief and that a court could not, after a consideration of the evidence, believe it, and with such elimination there is no evidence to show that he did traffic in narcotics. It is, of course, fundamental that the court's jurisdiction ends if any substantial testimony is shown. As said by Justice Brandeis in U. S. ex rel. Tisi v. Tod, 264 U.S. 131, 44 S.Ct. 260, 68 L.Ed. 590:

"We do not discuss the evidence, because the correctness of the judgment of the lower court is not to be determined by inquiring whether the conclusion drawn by the Secretary of Labor from the evidence was correct, or by deciding whether the evidence was such that, if introduced in a court of law, it would be held legally sufficient to prove the fact found.

"The denial of a fair hearing is not established by proving merely that the decision was wrong. Chin Yow v. United States, 208 U.S. 8, 13, 28 S.Ct. 201, 52 L.Ed. 369. This is equally true whether the error consists in deciding wrongly that evidence introduced constituted legal evidence of the fact or in drawing a wrong inference from the evidence."

The administrative tribunal must deduce a conclusion from the evidence and such conclusion is sufficient. U. S. ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 106, 47 S.Ct. 302, 303, 71 L. Ed. 560. The appellant first stated that he is not an addict and then afterwards changed his statement and said that he is an addict. He testified: "I have no habit; I just play around it. * * * It is just like going to the theatre once in a while"; and further said he did not consider himself an addict. And in answer to the question: "About how frequently did you patronize opium smoking houses in Watsonville, California, during the year prior to your last arrest on March 11, 1935?" stated: "Well, I never had a habit. I just smoked maybe once or twice a week. Gamblers get together and say 'Let's take a smoke', and for fun we would go to this place and take a smoke."

This testimony contradicts the testimony which he later submitted that he is an addict and used opium two or three times a day.

It is very clear that repudiation of contradictory statements previously made, after consulting with his lawyer or friends, in view of the disclosed circumstances, has no value. Prentis v. Seu Leung (C.C.A.7) 203 F. 25, 28.

It it shown that at Watsonville the appellant was first arrested in an opium smoking joint, and that the appellant admitted being the owner, and subsequently entered a plea of guilty to an indictment charging violation of the narcotic act. In this place were found concealed 268 grains of yen shee and 1462 grains of smoking opium. The second arrest was made in an opium smoking den while in operation. The appellant ordered the telephone installed in this place; and therein was discovered, in addition to opium, cocaine, yen shee, and smoking paraphernalia, a bank book ad-

mitted by the appellant to belong to him. In a room, identified as rented by the appellant and occupied by him, were found, in addition to a quantity of opium and a number of new opium lamps, a receipt in appellant's name for a fine which had been paid upon his first conviction, and a memorandum book (translated) showing an account of the purchase and sale of narcotics, smoking lamps, bowls, pipes, etc., covering the period from June, 1934, to the date of the arrest. Appellant denied that he lived in that room and gave another address. Taken to this last address there was found in the safe a canceled check dated November 9, 1934, for $202.50, admitted by appellant to be signed by him. This check coincides with an entry in the account book above mentioned under the heading "November payments" as follows: "On the 7th paid for 3 pieces of ink, $202.-50." Appellant denied the account book to be his, but admitted he lived at one time at the address where the receipt was found. It is clear that there is substantial evidence to show that the petitioner is a dealer and that he is not an addict to bring him within the exemption statute.

■ Statements made at the time of arrest and introduced in evidence are admissible. Kishan Singh v. District Director of Immigration (C.C.A.9) 83 F.(2d) 95, 96; Ghiggeri v. Nagle (C.C.A.9) 19 F.(2d) 875, 876; Ranieri v. Smith (C.C.A.7) 49 F.(2d) 537, 538. In the instant case the parties to whom the statements were made were produced at the hearing and opportunity to cross-examine afforded, with the exception of one. The failure to find the absent witness did not vitiate the proceedings. Quock So Mui v. Nagle (C.C.A.9) 11 F.(2d) 492, 493; U. S. ex rel. Ng Wing et al. v. Brough (C.C.A.2) 15 F.(2d) 377, 379. But there is material evidence aside from his statement.

■■ The cases cited by the appellant are not in point. In Maltez v. Nagle (C.C.A.) 27 F.(2d) 835, no cross-examination opportunity was afforded. And in Whitfield v. Hanges (C.C.A.) 222 F. 745, the right of counsel was denied and the government witnesses, although available, were not produced for cross-examination. Lee Choy v. U. S. (C.C.A.) 49 F.(2d) 24, was a judicial trial under 8 U.S.C.A. § 282, and to which different rules applied. In Brader v. Zurbrick (C. C.A.) 38 F.(2d) 472, alienage was not established. Mouratis v. Nagle (C.C.A.) 24

F.(2d) 799, rested wholly upon the statement of a woman, in the alien's employ, that the alien knew she was practicing prostitution in his rooming house, this without supporting fact or circumstance was insufficient to warrant the finding of knowledge. The contention that the record does not show as required that the sentence is for more than one year is a new issue. No new issue may be introduced into this hearing. Upon this appeal the review is limited to the grounds upon which the petition for writ of habeas corpus was based and upon which the District Court's ruling was sought and had. Dea Hong et al. v. Nagle (C.C.A.9) 300 F. 727, 729; Lim Chan v. White (C.C.A.9) 262 F. 762, 763, certiorari denied 254 U.S. 633, 41 S.Ct. 8, 65 L.Ed. 449.

No recommendation by the trial judge appears in this case and the judge's statement bears no relation to any rights available to the appellant.

■ The intent of the law is that upon conviction and sentence deportation may be made. This is confirmed by the history of the 1931 act. The bill originally was to deport any alien, "who * * * shall violate or conspire to violate" the narcotic laws therein mentioned (Vol. 72 Congressional Record, 71st Congress, 2d Session, p. 12367). By Senate action an amendment was made to except addicts who are not peddlers or dealers. Record supra, 12353. The Senate Committee made a further recommendation that the alien be "convicted and sentenced" (Senate Report No. 1443, 71st Congress, 3d Session). This report, after reciting growth of the traffic and menace to society, said:

"Deportation is a proper and effective weapon against aliens who violate our laws and relieves the United States from the cost of maintaining them in our already overcrowded jails."

And this may be considered as expressing the intent of the law-making body to the end that the new law may not be restrictively interpreted. St. Louis, Iron Mountain & Southern Ry. Co. v. Craft, 237 U.S. 648, 35 S.Ct. 704, 59 L.Ed. 1160.

Repeatedly has the Supreme Court considered the reports of Congressional Committees to discover intent of the legislative body where the language appears to be in doubt. Whitney v. U. S. (C.C.A.9) 8 F.(2d) 476, 478. Compare U. S. v. St. Paul,

**332**

Minn. & Manitoba Ry. Co., 247 U.S. 310, 38 S.Ct. 525, 62 L.Ed. 1130.

There is substantial evidence in the record to sustain the order, and denial of the petition by the District Court is affirmed.