Concepcion **ESTRADA–OJEDA,**
Appellant,

v.

Albert **DEL GUERCIO,** Officer in Charge, Immigration and Naturalization Service at Los Angeles, California, et al., Appellees.

No. 15746.

United States Court of Appeals
Ninth Circuit.

Feb. 19, 1958.

David C. Marcus, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Bruce A. Bevan, Jr., Asst. U. S. Attys., Los Angeles, Cal., for appellees.

Before POPE, CHAMBERS and HAMLEY, Circuit Judges.

PER CURIAM.

Plaintiff appeals from a judgment against her in this action to set aside an order for her deportation.

Appellant is a native and citizen of Mexico, who was lawfully admitted into the United States for permanent residence on June 15, 1943. Her last entry occurred on September 15, 1951. On May 27, 1952, she was served with a warrant of arrest in deportation proceedings. In the warrant, it was charged that appellant was subject to deportation pursuant to former 8 U.S.C.A., §§ 136(i) and 155 (a), (now 8 U.S.C.A., §§ 1182(a) (15) and 1251(a) (1)), in that, at the time of her last entry, she was a person likely to become a public charge.

There followed a series of hearings before special inquiry officers of the Immi-

gration and Naturalization Service, with appeals to the Board of Immigration Appeals from the orders entered by such officers. In the last order entered by a special inquiry officer (November 10, 1955), it was determined that appellant was amenable to deportation on the ground stated in the warrant. It was also held that appellant was statutorily ineligible for suspension of the deportation order, or the privilege of voluntary departure (sought under § 19(c) of the Immigration Act of 1917, now covered by § 244 of the act of June 27, 1952, 8 U.S. C.A. § 1254), because she had not proved that she then was and had been a person of good moral character. In an order dated January 20, 1956, the Board of Immigration Appeals sustained this determination by the special inquiry officer. This court proceeding was then instituted.

Appellant argues that the record does not sustain the finding that, at the time of her last entry, she was a person likely to become a public charge.

■ We hold that this finding is supported by substantial evidence. That ends the inquiry in this court. See Ocon v. Del Guercio, 9 Cir., 237 F.2d 177; Ow Tai Jung v. Haff, 9 Cir., 89 F.2d 329.

Appellant also contends that the determination by the special inquiry officer, sustained by the Board, that appellant was statutorily ineligible for suspension of deportation or voluntary departure, is erroneous and contrary to law.

The special hearing officer based this determination upon the ground that appellant had not, as required by the statute, proved that she then was and had been a person of good moral character. In support of this ruling, the order refers to evidence in the record concerning appellant's extramarital relations with two men, and her implication in a charge of conspiracy to violate the Federal Narcotics Act, 21 U.S.C.A. § 174. In sustaining this provision of the order, the Board relied entirely upon the evidence that appellant lived in an extramarital relationship as late as 1953.

■ We hold that the evidence concerning such relationship is sufficient to support the finding that appellant had not proved that she then was and had been a person of good moral character. It is unnecessary to consider the sufficiency of the evidence concerning appellant's possible traffic in narcotics.

Affirmed.