**Allan D. McNEIL, Appellant,**

v.

**Robert F. KENNEDY, Attorney General of the United States, Appellee.**

**No. 16406.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 30, 1961.

Decided Jan. 4, 1962.

Mr. David Rein, Washington, D. C., with whom Mr. Joseph Forer, Washington, D. C., was on the brief, for appellant.

Mr. John R. Schmertz, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Charles T. Duncan, Principal Asst. U. S. Atty., and Miss Sylvia A. Bacon, Asst. U. S. Atty., were on the brief, for appellee. Mr. Nathan J. Paulson, Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, Chief Judge, and BAZELON and FAHY, Circuit Judges.

PER CURIAM.

In proceedings before the Immigration and Naturalization Service appellant was found to be an alien who was illegally in the country. He was accordingly ordered deported. At an earlier period he had served in the United States Army a number of years, after which he left the country, to return in 1938 without the necessary immigration visa if he were an alien. Maintaining that he was not an alien appellant instituted this suit in the District Court to have the deportation order declared invalid and to restrain the Attorney General from effectuating it. The case was submitted to and decided by the court on the administrative record of the Immigration and Naturalization Service. Concluding that the findings upon which the order rested were supported by reasonable, substantial, and probative evidence,[1] the court dismissed the complaint.

7. Staley v. Mears, 13 Ill.App.2d 451, 142 N.E.2d 835.

1. See § 242(b) (4), 66 Stat. 208, as amended, 8 U.S.C.A. § 1252(b) (4). And see 8 C.F.R. § 242.14(a) (1958).

The government has the burden of proof of alienage. See Brader v. Zurbrick, 38 F.2d 472, 473 (6th Cir. 1930), and cases cited; United States ex rel. Leong v. O'Rourke, 125 F.Supp. 769, 770 (W.D.Mo.1954).

It is undisputed that appellant is deportable if an alien, and the issue of his alienage turns upon his place of birth. There was evidence he was born in either India, Scotland, or Minnesota. Principally upon the basis of three documents the Board of Immigration Appeals concluded that he was born in India. These documents were: a Certificate of Baptism purporting to be a copy of a record of baptism at St. Andrew's Church, Calcutta, of one Allan Donald McNiel, prepared shortly after he was said to have been born; a letter from the principal of a school in Calcutta purporting to show the record of Allan Donald McNeil in the files of the school indicating his birthplace as Calcutta on the day mentioned in the Certificate of Baptism; and a photostatic copy of part of a hospital record regarding appellant's admission to Schofield Army Barracks Hospital in Hawaii in 1927, reciting his birthplace to be in India.[2]

If we were to accept these documents as evidence of the facts contained therein they would indicate, with other evidence in the record, that appellant's birthplace was India rather than the United States. None of these documents, however, has been verified or authenticated in any manner. It would be unwise to adopt a rule which would permit the deportation of a person on the basis of these unverified and unauthenticated documents. See Brader v. Zurbrick, supra note 1. As the Supreme Court said in Bridges v. Wixon, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103,

> "though deportation is not technically a criminal proceeding, it visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom. * * * Meticulous care must be exercised lest the procedure by which he is deprived of that liberty not meet the essential standards of fairness."

326 U.S. at 154, 65 S.Ct. at 1452.

We cannot say that the Service would have reached the conclusion it did except for the documents referred to; and it is not for us to make the decision as an initial matter on the basis of other evidence.

We reverse the judgment of the District Court, remand the case to that court, and direct that the case be remanded to the Immigration and Naturalization Service for further proceedings, as it may be advised, not inconsistent with this opinion.

It is so ordered.

---

2. A part of this record appears to have been signed by appellant but not the part containing the information as to his birthplace.