Herbert BROWNELL, Jr., Appellant,

v.

Raphael COHEN, Appellee.

No. 13971.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 10, 1957.

Decided Dec. 19, 1957.

Mr. E. Tillman Stirling, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Thomas H. McGrail, Asst. U. S. Attys., were on the brief, for appellant.

Mr. Louis E. Spiegler, Washington, D. C., with whom Messrs. Sol M. Alpher and Ernest M. Shalowitz, Washington, D. C., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and PRETTYMAN and BASTIAN, Circuit Judges.

PER CURIAM.

Appellee, an alien, last entered the United States on June 13, 1949, as a visitor under § 3(2) of the Immigration Act of 1924.* Thereafter, he was granted change of status to that of a student, which status he failed to maintain. On February 5, 1951, a warrant was issued for his arrest in deportation proceedings. A hearing was held and he applied for suspension of deportation under the provisions of § 19(c) of the Immigration Act of 1917, as amended, 62 Stat. 1206.¹ Suspension was denied by the Assistant Commissioner on June 17, 1952, but, on October 8, 1952, the Board of Immigration Appeals directed the reopening of the hearing for the reception of new material evidence pertinent to the issue of discretionary relief.

Additional hearings were held; the Special Inquiry Officer denied the prayer for suspension of deportation; and appellee appealed. On November 27, 1953, the Board of Immigration Appeals dismissed the appeal, finding that appellee had "failed to establish that he has been a person of good moral character for the required period."

Appellee then filed the present action to restrain his deportation; and the District Court, on the pleadings, the administrative record and argument of counsel (no evidence having been taken in the court proceedings) found that "there was inadequate evidence in the Immigration and Naturalization Service records to support a finding that plaintiff [appellee] was not a person of good moral character," decreed that appellee was "statutorily eligible for suspension of deportation," and entered judgment for appellee. This appeal followed.

It was not incumbent on the Attorney General to establish that appellee was not a person of good moral character. The burden was on appellee to establish that he had been of good moral character for the required period. The Immigration and Naturalization Service found that he failed to carry that burden.

We have examined the administrative record and think the finding of the Immigration and Naturalization Service, that there was a failure on appellee's part to carry the burden, was not so unreasonable as to justify a court in setting it aside.

Accordingly, the judgment of the District Court is reversed, and the case is remanded to that court with directions to dismiss the complaint.

Reversed and remanded with directions to dismiss the complaint.

---

\* Now 8 U.S.C.A. § 1101(a) (15) (B).

1. "In the case of any alien * * * who is deportable under any law of the United States and who has proved good moral character for the preceding five years, the Attorney General may * * * suspend deportation of such alien if he is not ineligible for naturalization * * * if he finds (a) that such deportation would result in serious economic detriment to a citizen or legally resident alien who is the spouse, parent, or minor child of such deportable alien. * * *" Now 8 U.S.C.A. § 1254(a) (1, 2).