MATTER OF L——D——E——

In DEPORTATION Proceedings

A-11056167

*Decided by Board June 29, 1959*

**Good moral character—Section 101(f)(6) of 1952 act—False statements in application are not "testimony."**

False statements in application for United States passport (whether or not under oath) do not constitute false "testimony" within meaning of section 101(f)(6) of 1952 act. "Testimony" is construed as referring solely to *oral* utterances or *oral* evidence. (Overrules *Matter of Z*——, 5 I. & N. Dec. 514; modifies *Matter of O*——, 7 I. & N. Dec. 486.)

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under 8 U.S.C. 213(a), 1946 ed.—No immigration visa.

**BEFORE THE BOARD**

**Discussion:** This case is before us on appeal from a decision of a special inquiry officer directing the respondent's deportation.

The respondent is a 39-year-old married male, native and citizen of China, who last entered the United States in October 1941, at which time he secured admission on his fraudulent claim that he was a citizen of this country. He claims residence in the United States since 1935. The respondent concedes that he is deportable, and the only issue in this case relates to the special inquiry officer's conclusion that the respondent is statutorily ineligible for suspension of deportation.

The respondent secured admission to this country in 1935 by claiming that he was C——F——, the son of C——A——K——, a native-born citizen. Actually, the respondent's name is L——D——E——; he is not the son of C——A——K——; and he has never been a citizen of the United States. He secured readmission in 1941 by continuing the deception. On December 28, 1956, the respondent executed an application for a United States passport in which he stated that his name was C——F—— and that he was a citizen of the United States by birth in China to a citizen father.

The special inquiry officer's conclusion that the respondent was statutorily ineligible for suspension of deportation was predicated on the view that section 101(f)(6) of the Immigration and Nationality Act [66 Stat. 166; 8 U.S.C. 1101(f)(6)] precludes a finding

399

of good moral character because of the false statement in the 1956 application for United States passport. Section 101(f)(6) bars a finding of good moral character in the respondent's case if, subsequent to 1952, he is or was "one who has given false testimony for the purpose of obtaining any benefits under this act * * *."

The respondent testified that after he made the application for a passport in 1956 he was requested to appear for an interview at the passport office in New York City, but did not do so and never received a United States passport. Counsel apparently contends that the respondent is not within the purview of 8 U.S.C. 1101(f)(6) because he did not actually procure a passport. We reject this contention, however, since it is not a requirement of the statute that any benefit be secured but only that the false testimony shall have been given *for the purpose* of obtaining a benefit.

We consider that the important question in this case is whether the respondent's false statement in the passport application is "testimony" within the meaning of 8 U.S.C. 1101(f)(6). In this connection, two recent court decisions must be examined—*Orlando* v. *Robinson*, 262 F.2d 850 (C.A. 7, 1959), cert. denied 359 U.S. 980 (1959), and *Sharaiha* v. *Hoy*, 169 F. Supp. 598 (S.D. Cal., 1959).

Some of the facts in *Orlando* v. *Robinson, supra,* are not clear from that opinion and we have examined the special inquiry officer's decision of August 30, 1955, concerning Orlando and our decisions of January 6, 1956, and August 7, 1958, in that case (file A–4177580). The Court of Appeals said that Orlando made false *statements* in an application for registry on July 15, 1947, and in a petition for naturalization on July 12, 1948 (actually, the 1948 false statement was in a preliminary form for petition for naturalization which was not sworn to until September 21, 1948), and that on July 12, 1948, he "*gave false testimony for the purpose of obtaining citizenship.*" There was no discussion by the court as to whether the application and petition (preliminary form) were under oath nor whether a false statement is "testimony," although the court assumed in its opinion that Orlando gave false testimony on July 12, 1948.

Orlando was required to prove good moral character for ten years prior to May 24, 1955, and 8 U.S.C. 1101(f)(6) would preclude a finding that he was a person of good moral character if during the ten-year-period he is or was one who had given false testimony for the purpose of obtaining any benefits *under the Immigration and Nationality Act.* That act became effective on December 24, 1952, and it would seem that the false statements which Orlando made in 1947 and 1948 could hardly be considered as having been made for the purpose of obtaining a benefit under the Immigration and Nationality Act which was not enacted until 1952.

The decision of the special inquiry officer and the two decisions of this Board concerning Orlando did not refer to any false *testi-*

400

*mony* given by him but only to the false *statements* made in the 1947 and 1948 forms and in his alien registration form in 1940. There was no statement in these three decisions that a finding of good moral character was precluded by virtue of 8 U.S.C. 1101(f)(6), but the decisions were predicated on a conclusion that Orlando had not affirmatively established good moral character during the ten-year-period.

Although the court in the *Orlando* case stated that the act committed by him on July 12, 1948, made him then a person not of good moral character, there was no definite statement that Orlando's action on July 12, 1948, precluded him from establishing good moral character by reason of the provisions of 8 U.S.C. 1101(f)(6). However, there is some language in the opinion which indicates that this may have been the view of the court. Nevertheless, the opinion in its entirety shows that the court did not rely on 8 U.S.C. 1101(f)(6) but held that Orlando was not a person of good moral character because he made false *statements* in his 1947 and 1948 applications; the final conclusion was that he not only failed to sustain the burden of proving good moral character for ten years, but that the evidence conclusively showed that he was not a person of good moral character during that period.

There is nothing in the *Orlando* opinion which would indicate that the Government urged that 8 U.S.C. 1101(f)(6) precluded a finding of good moral character in his case. There is a statement on page 851 of the court's opinion reading, "* * * Orlando argues that the applicant has to be a special kind of a prevaricator in order to be ineligible for suspension of deportation as defined by 8 U.S.C.A. § 1101(f) * * *." We assume that counsel for Orlando was urging that he did not come within any of the eight numbered paragraphs of 8 U.S.C. 1101(f) and that, therefore, a finding of good moral character should be made. That argument, of course, ignores the last sentence of the statutory provision which provides otherwise. It appears to have been due only to this contention of counsel that 8 U.S.C. 1101(f)(6) was considered by the court; although, as we have indicated above, it was actually inapplicable to Orlando's case. Since the question involved in this respondent's case is whether a false *statement* in an application is false *testimony* within the meaning of 8 U.S.C. 1101(f)(6) and since that question was not even discussed in *Orlando*, that case has no relevance to that of this respondent.

With respect to *Sharaiha* v. *Hoy, supra,* the special inquiry officer had held there that the alien was ineligible for voluntary departure on the ground that he had given false testimony for the purpose of obtaining a benefit under the Immigration and Nationality Act. On August 22, 1956, he had executed under oath an application for

401

extension of his temporary stay as a student, which application contained a false statement to the effect that he was a student in good standing at the University of Southern California. The court held that this did not constitute "testimony" within the meaning of 8 U.S.C. 1101(f)(6) because "the word *testimony*, technically construed, refers solely to the *oral* utterances of *witnesses* under oath, * * *." In *Ensign* v. *Pennsylvania*, 227 U.S. 592, 599 (1913), it was said, "The word 'testimony' more properly refers to oral evidence." The decision in *Fong Haw Tan* v. *Phelan*, 333 U.S. 6, 10 (1948), was predicated on the proposition that, where the words of a deportation statute are susceptible of more than one meaning, the doubt should be resolved in favor of the alien.

Upon careful reconsideration of the question and in the light of the judicial authorities mentioned in the preceding paragraph, we have concluded that false statements which appear in an application, whether or not under oath, do not constitute *testimony* within the meaning of 8 U.S.C. 1101(f)(6). Since this is contrary to the conclusion reached in *Matter of Z——*, 5 I. & N. Dec. 514 (1953), that decision is overruled.

The special inquiry officer cited *Matter of O——*, 7 I. & N. Dec. 486 (1957), as a basis for his conclusion that the respondent was precluded from establishing good moral character under 8 U.S.C. 1101 (f)(6). In the cited case, we concluded that the alien gave false testimony within the meaning of that statutory provision because of false statements in an application. She denied that she was sworn to the application. We said that, even if her conduct did not render her statutorily ineligible for voluntary departure, that relief should be denied as a matter of discretion because of the deception which she had practiced on the Service. That decision is hereby modified insofar as it may be inconsistent with this opinion.

In view of the foregoing, we conclude that the false statement made by this respondent in his application for a United States passport on December 28, 1956, did not constitute "testimony" within the meaning of 8 U.S.C. 1101(f)(6), and that the question of whether a finding of good moral character should or should not be made in view of the false statement must be determined in accordance with the last sentence of 8 U.S.C. 1101(f) rather than under subparagraph (6). Since it was solely on the basis of 8 U.S.C. 1101(f)(6) that the special inquiry officer held that discretionary relief could not be granted, we will remand the case to him for further consideration of the application for suspension of deportation.

**Order:** It is ordered that the outstanding order of deportation be withdrawn and that the case be remanded to the special inquiry officer for further consideration of the application for suspension of deportation.