MATTER OF C—

In DEPORTATION Proceedings

A-11292572

*Decided by Board October 7, 1960*

**Nonimmigrant status—Criminal conviction *per se* not considered violation of nonimmigrant status.**

Conviction for disorderly conduct does not constitute violation of nonimmigrant student status where the alien was not incarcerated and continued his school attendance without interruption. (Modifies *Matter of A—*, 6—762.)

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to comply with nonimmigrant student status.

BEFORE THE BOARD

**DISCUSSION:** This is an appeal from the special inquiry officer's order of June 10, 1960, finding respondent deportable on the charge set forth above. Respondent, a native of Bermuda and subject of Great Britain, male, unmarried, 21 years of age, last entered the United States at New York on September 5, 1958, as a nonimmigrant student. His last extension expired September 4, 1960. Respondent admits that he was "apprehended" on December 5, 1959, on a charge of soliciting for lewd and immoral purposes. Exhibits 2 and 3, copies of records of the Metropolitan Police Department, Washington, D.C., disclose that respondent was a student at Howard University at the time of his apprehension; that this was his first arrest; that the arrest took place at 1:00 A.M. in the vicinity of Lafayette Park in Washington, D.C.; that, having made obscene proposals to a member of the Metropolitan Police Force, he was arrested and "taken to the CCB in a patrol wagon."

An information was filed in the Criminal Division of the Municipal Court for the District of Columbia on December 7, 1959, alleging that respondent did unlawfully invite, entice, persuade, address for the purpose of inviting, enticing and persuading an adult person, to wit, E—M—Z— (police officer), for lewd and immoral purposes. The Assistant United States Attorney who handled this case appeared and testified at the immigration hearing, stating that this

100

charge was nolle prossed on February 5, 1960, and that respondent forfeited his collateral of $100 on a substituted charge of "disorderly conduct (sex)." The Assistant United States Attorney testified that since this was respondent's first offense, and since he was in the country temporarily as a student and was going to leave the country when he finished his studies, Mr. Q— felt it was a good disposition of the matter to permit respondent to plead guilty, in effect, to a lesser criminal offense.

Exhibits 3 and 6, copied from the Metropolitan Police Department records, indicate that the substituted charge was "disorderly (pervert)," which differs from counsel's recollection that the substituted charge was "disorderly (sex)." Mr. Q— stated that in his opinion "disorderly (sex)" and "disorderly (pervert)" charges would be the same. The Assistant United States Attorney testified that the respondent "knew what he was forfeiting to and why"; that it is unimportant what he actually forfeited to, since he knew what he was charged with; and that the disposition of the case was to save the trial, save the court time; and that the nolle pros was contingent on the fact that respondent would forfeit the $100 collateral. This disposition of the case is indicated by exhibits 5 and 6 (court and police records).

The special inquiry officer found that respondent's criminal offense constitutes activity inconsistent with and in violation of the conditions of his nonimmigrant status. He stated that regardless of the name given the offense, it stems from homosexuality, and that respondent cannot establish good moral character for the past five years in order to qualify for a grant of voluntary departure.

In oral argument before the Board the Service representative cited our decision, *Matter of A—*, 6—762, wherein an alien in the United States as a temporary visitor for pleasure was arrested for "disorderly conduct, jostling," under a New York statute defining disorderly conduct as an "offense" rather than as a crime. In *Matter of A—, supra*, the alien was sentenced to 30 days in the workhouse and served that sentence. The Board found that the conduct which resulted in his conviction under that section "constituted activity inconsistent with his status as a nonimmigrant visitor for pleasure." The Service representative seeks to have the decision in *Matter of A—, supra*, extended to the present case, stating that it is not a significant distinction that A— was confined for a period of time in a penal institution and that the alien in the instant matter was not confined.

The decision in *Matter of A—, supra*, does not make it sufficiently clear, perhaps, that we had in mind the fact that when A— was serving a 30-day term in the workhouse, he was no longer pursuing the purpose for which he was admitted. He was admitted as a tem-

101

porary "visitor for pleasure" and the jail sentence interrupted his pursuit of pleasure, and, therefore, he was out of status. It seemed to us that it was his conviction and confinement which constituted the activity inconsistent with his status, rather than the criminal conduct itself.

Respondent was not incarcerated, and while on probation apparently he continued his attendance at Howard University, Washington, D.C., without interruption, except for vacations. There is nothing to show that he was expelled from college. So far as this record shows, he has not accepted employment, or in any other way "failed to abide by all the terms and conditions of his admission or extension" as a student, as provided by the regulations. His conduct, while not to be condoned, resulted in a suspended sentence only, without any interruption of his attendance at school. We find on this record that respondent maintained the nonimmigrant status of a student under which he was admitted, and the appeal will be sustained.[1]

ORDER: It is ordered that the appeal be and the same is hereby sustained.

---

[1] The instant case is similar on its facts to *Matter of M—S—*, A-8953895 (B.I.A., June 24, 1957), and identical with *Matter of D—*, A-1349127 (B.I.A., December 3, 1959), both unreported, wherein the Board's disposition of the issue was consistent with the position taken here. In both those cases the Board held that the aliens had maintained their student status, since there was no evidence of intent to abandon it, and they had continued in school while on probation.