## MATTER OF SOURBIS

### In Deportation Proceedings

A-14467110
A-14467111

*Decided by Board October 4, 1965*

Neither the Board of Immigration Appeals nor the special inquiry officer has any jurisdiction over the adjudication of an application for extension of temporary stay; such administrative consideration and determination rests solely with the District Director.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer (both respondents).

This is an appeal from an order entered by the special inquiry officer on June 4, 1965 granting the respondents voluntary departure in lieu of deportation as aliens who after entry as nonimmigrant visitors have remained longer than permitted. Exceptions have been taken to the finding of deportability. The respondents, an adult male and his wife, concede that they are aliens, natives and citizens of Greece who entered the United States through the port of New York on October 28, 1963, at which time they were admitted as nonimmigrant visitors for pleasure. They declined to admit that they are subject to deportation on the charge that after admission as a nonimmigrant visitor pursuant to section 101(a)(15) of the Immigration and Nationality Act they have remained in the United States for a longer time than permitted.

Applications for extensions of temporary stay submitted by both respondents state that their periods of authorized stay in the United States would expire on March 4, 1965. The applications are endorsed to show that their request for further extensions were denied and that they were granted until April 15, 1965 to depart from the United States. They were notified on March 15, 1965 that their applications for extension of stay had been denied (Exs. 4 & 6). The evidence of record affirmatively establishes that the respondents are deportable as charged in their respective orders to show cause.

Counsel maintains that the special inquiry officer commited error in admitting into evidence the documents which establish the respondents' deportability (Exs. 3, 4, 5 & 6). Counsel maintains that the documents are the crux of the Government's case and that the respondents were denied due process when the special inquiry officer refused them an opportunity to cross-examine the maker of the instruments. Counsel also maintains that the extensions of stay for the respondents were erroneously denied by the District Director.

Adjudications of applications for extension of temporary stay are matters solely for the administrative consideration and determination of the District Director. The special inquiry officer does not have jurisdiction to make any determination as to the propriety of the District Director's decision. Section 214(a) of the Immigration and Nationality Act (8 U.S.C. 1184) states in part as follows:

The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe, * * *.

8 CFR 103.1(b) confers upon a District Director the sole authority to determine all petitions and applications for extensions of stay. 8 CFR 214.1(a) provides in part that a nonimmigrant may be granted or denied an extension of his period of temporary admission * * * without appeal * * * by a * * * District Director * * *. Furthermore, this Board has no jurisdiction over adjudications of applications for extensions of temporary stay (8 CFR 3.1(d)(1)).

We find no error on the part of the special inquiry officer nor do we find any evidence that the respondents have been denied due process during the course of the hearing. The appeal will be dismissed.

ORDER: It is directed that the appeal be and the same is hereby dismissed.