MATTER OF NEELY AND WHYLIE

In Deportation Proceedings

A-17429494
A-17429495

*Decided by Board October 27, 1966*

A nonimmigrant visitor for pleasure is deportable under section 241(a)(9) of the Immigration and Nationality Act since her commission and conviction of the crime of stealing, even though not incarcerated as a result thereof, constitutes a violation of her nonimmigrant status. [*Matter of C—*, 9 I. & N. Dec. 100, distinguished.]

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to comply with conditions of nonimmigrant status.

The Government appeals from a decision of the special inquiry officer, finding neither of the respondents deportable as charged, and terminating proceedings as to both.

Respondent Neely is a 34-year-old married female alien, whose husband is a lawful permanent resident of the United States. She was admitted to the United States as a B-2 visitor for pleasure on September 11, 1966. Respondent Whylie is a 35-year-old divorced female alien, who was admitted to the United States as a B-2 visitor for pleasure on September 4, 1966. Both respondents are natives of Nassau, in the Bahamas, and citizens of Great Britain. Both were admitted to the United States for a period to expire on October 30, 1966.

On October 3, 1966, both respondents were arrested in the city of Miami, Florida, upon the charge that each:

"did then and there steal, take and carry away [specified items of specified value], said items then and there being the goods and chattels of Grandway Discount Center, against the peace and dignity of the City of Miami, Florida, and in violation of Section 811.021, FLORIDA STATUTES, and Chapter 43, Section 38 of the Code." (Exs. 3 and 4)

On October 5, 1966, each respondent was convicted in the Municipal Court of the City of Miami, on her plea of guilty, and sentenced to

pay a fine of $50, or in lieu thereof to serve 20 days in jail. Both respondents paid the fine.

The special inquiry officer, citing *Matter of C—*, 9 I. & N. Dec. 100, stated the applicable law to be that conviction of an offense or crime, regardless of whether it involves moral turpitude, does not constitute a violation of nonimmigrant status if it does not result in actual incarceration of the alien.

We believe this is too broad a reading of the decision in *Matter of C—*. That case involved a bona fide student who was charged with enticing an adult person for lewd and immoral purposes. It was his first offense. The original charge was nolle prossed and a charge of disorderly conduct (sex) was substituted. The alien, in effect, pleaded guilty by forfeiting his $100 collateral, and was placed on probation. During the period of proceedings and probation, he continued his studies without interruption, and was not suspended or expelled by the school. We found, further, that he had not accepted employment, or in any other way "failed to abide by all the terms and conditions of his admission or extension" *as a student*. The conviction, without more, did not prevent or interfere with the alien's pursuit of his studies, the basic purpose for which he had been admitted. We did not then, nor do we now, condone the conduct which resulted in the criminal proceedings.

We believe, however, that there is a qualitative difference between the situation of the student in *Matter of C—*, and the visitors for pleasure in *Matter of A—*, 6 I. & N. Dec. 762 (convicted of "jostling" and jailed for 30 days) and the two cases presently before us. The bona fide student, on the one hand, has been admitted for and is working toward a definite goal, at an accredited school, college or university. The purpose of his stay is not necessarily vitiated by a conviction for illegal activity where the same does not result in his suspension or expulsion from school, or the interruption of his studies. The visitor for pleasure, on the other hand, is admitted for no fixed or specific purpose, but merely for his own pleasure. The termination of the student's stay may deprive him of all opportunity to complete his education. The termination of the visitor's stay is merely the shortening of a pleasure trip.

In the absence of a definition, by statute or regulations, of acts which constitute a violation of nonimmigrant status, each case must be looked into on its own facts, and the decision arrived at should strike a fair balance between the character of the act committed and the consequences which will flow from it. While the absence of incarceration and attendant interruption of studies is a significant factor in determining whether a bona fide student has violated his

status, it does not carry the same weight in the case of a visitor for pleasure. The presence of the incarceration factor has led us to hold that visitor for pleasure status has been violated, *Matter of A—*, *supra*. The commission of a crime or offense involving moral turpitude, by a visitor for pleasure, even where sentence is suspended, and incarceration does not result, is, we believe, violative of the visitor's status, and we so hold here. The respondents were both within a month of their entry conviction of an offense amounting to petty larceny, which does involve moral turpitude (*Tillinghast* v. *Edmead*, 31 F.2d 81; *Wilson* v. *Carr*, 41 F.2d 704; *Pino* v. *Nicholls*, 215 F.2d 237; *Quilodran-Brau* v. *Holland*, 232 F. 183; etc.).

We, therefore, sustain the Government's appeal, and find the respondents deportable as charged.

Inasmuch as the special inquiry officer terminated proceedings upon a finding that respondents were not deportable, there was no discussion of their eligibility for voluntary departure. Section 244(e) requires that a person establish five years of good moral character, immediately preceding the application, to be eligible for voluntary departure. In view of respondents' recent conviction of a crime or offense involving moral turpitude, they cannot establish good moral character for the required period (section 101(f)(3)) and hence are statutorily ineligible for that relief. They designated Nassau, in the Bahamas, as the country of deportation, and deportation will accordingly be directed to Nassau.

**ORDER:** It is ordered that the appeal be and the same is hereby sustained.

*It is further ordered* that the respondents be deported from the United States to Nassau, Bahamas, on the charges contained in the orders to show cause.