MATTER OF TURCOTTE

In Deportation Proceedings

A-17432869

*Decided by Board April 27, 1967*

Notwithstanding respondents single conviction of a crime does not in itself constitute a ground of deportation nor bar her under section 101(f)(3) of the Immigration and Nationality Act from a showing of good moral character for the purpose of establishing statutory eligibility for voluntary departure, such conduct can nevertheless be considered under the last sentence of section 101(f) of the Act in making a determination of good moral character and respondent can be found ineligible for voluntary departure as a matter of administrative discretion.

CHARGES:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant Remained longer.

Lodged: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmigrant—Failed to comply with conditions of status.

ON BEHALF OF RESPONDENT:
Walter B. Lebowitz, Esquire
706 First Street
Miami Beach, Florida 33139

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The special inquiry officer, in the decision appealed from, found respondent deportable on the lodged charge only, and granted voluntary departure in the exercise of discretion. The Service contends that the basis on which the special inquiry officer granted discretionary relief was erroneous as a matter of law, and that it was an improper exercise of discretion to grant voluntary departure to this respondent.

Respondent is a 23-year-old single female alien, a native and citizen of Canada, who last entered the United States at Champlain, New York on or about February 12, 1967. Although she originally stated that she had been admitted for one month and had overstayed that period, at the hearing she insisted that she had been mistaken in her earlier statement, that she had been admitted for two months, and that she had not exceeded her stay at the time proceedings were instituted.

The Government offered no evidence on this point other than respondent's initial statement, which she disclaimed as incorrect. The special inquiry officer properly found that this charge of deportability had not been sustained.

On March 31, 1967 in the Municipal Court for the City of Miami Beach, Dade County, Florida, the respondent was charged as follows:

CODE 25-88 CHARGE PROSTITUTION: On March 31, 1967: Did then and there offer to commit or to engage in prostitution, lewdness, or assignation, which is recognized by the laws of this State as a misdemeanor, TO WIT: F.S.S. 796.07 (8) (A).

After trial, at which she pleaded not guilty and was represented by counsel, she was found guilty as charged, sentenced to pay a fine of $150 and to 30 days in the City Jail, and sentence was suspended. The special inquiry officer, referring to the Board's decision in *Matter of Neely*, Int. Dec. No. 1658, held that on the basis thereof he found respondent subject to deportation on the lodged charge. The special inquiry officer stated the Board's holding in the *Neely* case to be:

"that conviction alone of any municipal ordinance is sufficient to warrant the finding that a person violated the conditions under which he or she was admitted to this country." (Decision, p. 3.)

While the result arrived at by the special inquiry officer is correct, his characterization of *Neely* is not. In that case, involving two persons, each admitted as a visitor for pleasure, each convicted within a month of entry of shoplifting in Miami, Florida, and each sentenced to a fine but not incarcerated, we found there had been failure to comply with the conditions of nonimmigrant status. We held:

In the absence of a definition, by statute or regulations, of acts which constitute a violation of nonimmigrant status, each case must be looked into on its own facts, and the decision arrived at should strike a fair balance between the character of the act committed and the consequences which will flow from it. While the absence of incarceration and attendant interruption of studies is a significant factor in determining whether a bona fide student has violated his status, it does not carry the same weight in the case of a visitor for pleasure. The presence of the incarceration factor has led us to hold that visitor for pleasure status has been violated, *Matter of A—, supra*. The commission of a crime or offense involving moral turpitude, by a visitor for pleasure, even where sentence is suspended, and incarceration does not result, is, we believe, violative of the visitor's status, and we so hold here. * * *[1]

---

[1] Counsel urges that conviction of violation of a municipal ordinance is not conviction of a crime involving moral turpitude. In *Matter of W—*, 4 I. & N. Dec. 401, we held that conviction of violation of an ordinance of the City of Seattle, Washington relating to prostitution and defined in terms almost identical with the wording of the statute referred to here, was conviction of a crime or misdemeanor involving moral turpitude, within the meaning of the immigration laws.

In deciding whether respondent could establish statutory eligibility for the discretionary relief of voluntary departure, the special inquiry officer cited *Matter of M—*, 7 I. & N. Dec. 147, as holding that where there is only one crime, and that a petty offense, this is insufficient as a matter of law to make a finding of lack of good moral character. Our holding in *Matter of M—* was that such a conviction, within the period for which good moral character must be shown, did not compel a finding that one was precluded from establishing good moral character by section 101(f)(3).

Neither *Matter of M—*, nor *Matter of H—*, 6 I. & N. Dec. 738, also cited by the special inquiry officer (holding that the petty offense exemption must be granted automatically and not as a matter of discretion to a person who comes within its provisions), are authority for a finding that where there has been a conviction of a crime involving moral turpitude which is only a petty offense, so that the alien is not thereby precluded from establishing good moral character under section 101(f)(3), there must be a finding that the alien *is* of good moral character. The statute specifically provides that the fact that a person is not within any of the enumerated categories of section 101 (f) shall not preclude a finding that for other reasons such person is or was not of good moral character (last sentence of section 101(f)). We have held that where specific conduct does not preclude a finding of good moral character under the enumerated categories of section 101(f), that same conduct may nevertheless be considered in making a determination on good moral character in accordance with the last sentence of section 101(f), *Matter of L—D—E—*, 8 I. & N. Dec. 399. The respondent, in any application where it is a necessary element of eligibility, has the burden of establishing good moral character (*Brownell* v. *Cohen*, 250 F.2d 770; *Estrada-Ojeda* v. *Del Guercio*, 252 F.2d 904), and this is not necessarily borne by a showing that a particular act in violation of the law does not preclude a showing of good moral character.

It is the special inquiry officer's further contention that there is no basis for denial of the voluntary departure application as a discretionary matter, except the conviction, and the conviction may not be used for that purpose because the petty offense exemption applies not only to issues of law, but to issues of discretion. The granting of discretionary relief is not an automatic act conditioned solely upon a showing of statutory eligibility. It is a privilege and a matter of grace, accorded to a person where that person has established that he is worthy of it.

In the instant case, the special inquiry officer has held that on all of the testimony before him, he believes the respondent should have

the privilege of voluntary departure, and has granted the same. It is upon this basis, rather than the implication that it must be granted to respondent because the conviction does not statutorily preclude a finding of good moral character, that the grant of voluntary departure can be sustained.

While we differ with the special inquiry officer on the basis for the conclusions reached by him, we concur in the actual conclusions, and the appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.