MATTER OF URPI-SANCHO

In Deportation Proceedings

A-18822222

*Decided by Board September 15, 1970*

An alien admitted as a nonimmigrant student who was convicted of a single petty offense involving moral turpitude for which she was imprisoned, is not by reason of such conviction precluded by the provisions of section 101(f)(3) of the Immigration and Nationality Act from establishing good moral character during the period required for establishing eligibility for voluntary departure under section 244(e) of the Act. [*Matter of Neely and Whylie*, 11 I. & N. Dec. 864, overruled insofar as it deals with the privilege of voluntary departure.]

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmigrant student—Failure to maintain status.

This case presents an appeal from a decision of a special inquiry officer denying the respondent's application for the privilege of voluntary departure, and ordering her deportation to Costa Rica.

The respondent is a 21-year-old unmarried native and citizen of Costa Rica, who has resided in the United States since her arrival at Miami, Florida, on or about September 28, 1969. She was admitted as a nonimmigrant student to attend the University of Miami, and was authorized to remain in this country until September 27, 1970.

Early in February, 1970, the respondent interrupted her studies at the University of Miami, allegedly for one semester only. She has stated that a Service officer advised her that, in view of the short period involved, an application for a status change was unnecessary.

On February 19, 1970, the respondent was arrested for shoplifting. She was tried in the Miami, Florida, Municipal Court, on February 24, 1970, and was sentenced, on the charge of theft of goods of the total value of $48.23, to imprisonment in the city jail

for five days, and was fined $300. She did not pay the fine, and served 15 days in the city jail. While she had pleaded guilty to the charge, she now maintains that the articles which were found in her handbag had been placed there by a friend who had accompanied her.

The special inquiry officer found that the respondent had not maintained her student status, that she had failed to comply with the conditions of her admission as a nonimmigrant student, and that her deportability had been established by clear, convincing, and unequivocal evidence. He then found the respondent ineligible for the privilege of voluntary departure, and cited Matter of *Neely and Whylie,* 11 I. & N. Dec. 864 (BIA, 1966), as the basis for his decision. There we had sustained the Service appeal, had found each respondent deportable, and had added that, in view of the recent conviction of a crime involving moral turpitude, each respondent was statutorily ineligible for the relief of voluntary departure, under section 101(f)(3), since good moral character could not be established for the five-year period required under section 244(e). Apparently, the fact that the crime involved was a petty offense was overlooked.

We hereby overrule our decision in *Matter of Neely and Whylie, supra,* insofar as it deals with the privilege of voluntary departure.

Good moral character for at least five years immediately preceding an alien's application for voluntary departure under subsection (e) of the section 244 of the Immigration and Nationality Act is a prerequisite for a grant of voluntary departure under that subsection. Section 101(f) of the Act lists eight classes of aliens who shall not be regarded as persons of good moral character. Persons described in paragraph (9) of section 212(a), that is, generally speaking, aliens who have been convicted of a crime involving moral turpitude, are included in the third class of persons who are precluded from establishing good moral character. Section 101(f)(3). However, petty one-time offenders are specifically excepted in paragraph (9) of section 212(a), with the result that conviction of just one petty offense involving moral turpitude will not make an alien excludable under that section. It follows that, under section 101(f)(3), such a conviction of a petty offense involving moral turpitude cannot preclude an alien from establishing good moral character in a deportation proceeding. We so held in *Matter of M—,* 7 I. & N. Dec. 147 (BIA 1956).

The fact that a person is not within one of the eight classes listed under section 101(f) does not preclude a finding that, for other reasons, the person is, or was, not of good moral character. Section 101(f), last sentence. In other words, where specific conduct does not preclude a finding of good moral character under the enumerated categories of section 101(f), that same conduct may nevertheless be considered in making a determination on good moral character in accordance with the provisions of the last sentence of section 101(f). *Matter of L—D—E—*, 8 I. & N. Dec. 399 (BIA, 1959); *Matter of Turcotte*, 12 I. & N. Dec. 206 (BIA, 1967).

In the case now before us, the special inquiry officer correctly found that the respondent was deportable, for even a petty offense involving criminal conduct constitutes a violation of an alien's nonimmigrant status and renders the alien deportable. *Matter of A—*, 6 I. & N. Dec. 762 (BIA, 1955). The exception to the general rule, in certain student cases (see *Matter of C—*, 9 I. & N. Dec. 100 (BIA, 1960)), does not apply here, since the special inquiry officer found that the respondent had not maintained her student status, and since, moreover, the respondent's conviction had resulted in her actual incarceration.

The special inquiry officer followed our holding, now overruled, in *Matter of Neely and Whylie*, 11 I. & N. Dec. 864 (BIA, 1966), and found the respondent ineligible for voluntary departure. We shall remand this matter to him so that he can determine whether or not the respondent should be granted the privilege of voluntary departure under section 244(e) of the Immigration and Nationality Act.

Voluntary departure is a privilege and a matter of grace. *Matter of Turcotte*, 12 I. & N. Dec. 206 (BIA, 1967). While statutory eligibility is a prerequisite to a grant of voluntary departure, an alien does not discharge his burden of establishing good moral character merely by showing that a particular act in violation of the law does not preclude a finding of good moral character. *Matter of Turcotte, supra.* At a new hearing this respondent should be given the opportunity to show that, in spite of her recent conviction of a petty offense, she has been a person of good moral character for the required five-year period. Section 244(e). The special inquiry officer will then determine whether or not good moral character has been established, and whether or not voluntary departure shall be authorized.

ORDER: It is ordered that this matter be and hereby is remanded to the special inquiry office for further proceedings in accordance with this opinion.