MATTER OF MURAT-KHAN

In Deportation Proceedings

A-20135179

*Decided by Board August 27, 1973*

(1) While penal confinement is a significant factor in determining whether a nonimmigrant's criminal conduct constitutes a violation of nonimmigrant status within the meaning of section 241(a)(9) of the Immigration and Nationality Act, a likewise significant factor is whether the criminal conduct is meaningfully disruptive of the purpose for which the nonimmigrant was admitted.

(2) A nonimmigrant student's conviction for the offense of residing where drug laws are violated and resultant 20-day incarceration did not constitute a failure to maintain nonimmigrant status under section 241(a)(9) of the Act where her criminal conduct did not meaningfully disrupt the pursuit of her studies (the purpose for which she was admitted), as evidenced by above-average academic work which actually improved following her incarceration.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failure to comply with conditions of nonimmigrant status.

ON BEHALF OF RESPONDENT:  
Raul Soto-Seelig, Esquire  
1022 Georgia-Pacific Bldg.  
Portland, Oregon 97204  
(Brief filed)

ON BEHALF OF SERVICE:  
F. Ernest Ayers  
Trial Attorney  
(Brief filed)

This is a Service appeal from a decision of an immigration judge ordering these proceedings terminated. The appeal will be dismissed.

The respondent is a 20-year-old unmarried female alien, native and citizen of Pakistan, who entered the United States on or about September 6, 1971 as a nonimmigrant student authorized to remain until September 5, 1973. At a hearing before an immigration judge on January 17, 1973, at which she was represented by present counsel, respondent admitted the truth of the factual allegations of the order to show cause but denied deportability.

The record indicates that on September 12, 1972 the respondent was convicted in the Mansfield Municipal Court, Mansfield, Ohio

for the offense of residing were drug laws are violated, and was sentenced to 180 days in jail (Ex. 5). The respondent was incarcerated from September 14, 1972 until October 3, 1972 at which time the balance of her sentence was suspended (Ex. 3).

At the hearing the immigration judge found that since the respondent was permitted to resume her studies immediately upon her release from custody and successfully completed the school term, there had been no violation of her nonimmigrant student status. He concluded that our decision in *Matter of C—*, 9 I. & N. Dec. 100 (BIA 1960), compelled termination of the proceedings. On this appeal the Service urges that *Matter of C—, supra,* should not apply and that *Matter of A—*, 6 I. & N. Dec. 762 (BIA 1955), requires a finding of deportability. We reject the trial attorney's argument and hold that the proceedings were properly terminated.

*Matter of C—, supra,* involved a nonimmigrant student who was convicted for disorderly conduct but not incarcerated. The basis for our finding that his student status had not been violated was the fact that he was able to continue his school attendance without interruption notwithstanding his offense. We adjudged that since his education had not been meaningfully disrupted, he had not abandoned his pursuit of the purpose for which he was admitted to the United States. *Matter of A—, supra,* involved a nonimmigrant visitor who was convicted and imprisoned for disorderly conduct. We found his incarceration to be inconsistent with the purpose of his admission, namely, to pursue pleasure, and in violation of his nonimmigrant status within the meaning of section 241(a)(9) of the Immigration and Nationality Act.

It is clear from these cases that the focus of our inquiry was on the purpose for which the nonimmigrant was admitted, and not merely on the presence or absence of penal confinement. In the present case the respondent was admitted in order to study and the evidence indicates that her criminal conduct has in no way interfered with or compromised that purpose. Her major academic advisor states that her work has been "above average" and "very satisfactory" (Ex. 7), and the record reflects that the respondent's grades actually improved during the term for which she registered late as a result of her incarceration (Ex. 6).

We therefore conclude that the respondent's conduct has not constituted a failure to maintian the nonimmigrant status in which she was admitted. The decision of the immigration judge to terminate was correct and it will be affirmed. The following order will be entered.

**ORDER:** The appeal is dismissed.