## MATTER OF HOSSEINPOUR

### In Deportation Proceedings

### A-19865881

*Decided by Board March 5, 1975*

Where a nonimmigrant respondent indicates his desire to remain in this country permanently, by filing for adjustment of status under section 245 of the Immigration and Nationality Act, this action in itself, does not constitute a failure to maintain status under section 241(a)(9) of the Act. However, where the period of respondent's authorized stay expired, and respondent neither applied for nor received an extension of stay, he was deportable under section 241(a)(2) of the Act, as charged in the order to show cause issued after respondent's period of authorized stay had expired. [*Matter of Gallares* Interim Decision #2177 (BIA 1972) modified]

CHARGES:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmigrant failed to comply with conditions of nonimmigrant status under which admitted.

Lodged: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant remained longer than permitted.

ON BEHALF OF RESPONDENT: Rod L. Poirot, Esquire
701 Elm Street, Suite 500
Dallas, Texas 75202

In a decision dated August 29, 1974, the immigration judge found the respondent deportable on both of the above charges and granted him the privilege of departing voluntarily from the United States within 64 days in lieu of deportation. The respondent has appealed from that decision. The appeal will be dismissed.

The alien respondent is a native and a citizen of Iran who entered the United States in May 1970 as a nonimmigrant student. He obtained authorization to remain in the United States until May 25, 1973. In February 1973, the respondent filed an application for adjustment of status under section 245 of the Immigration and Nationality Act. On June 21, 1973, the district director denied that application and informed the respondent that he would be permitted to depart from the United States voluntarily on or before July 21, 1973 without the institution of deportation proceedings. The respondent has not departed.

191

The immigration judge concluded that the respondent was deportable under section 241(a)(9) of the Act for failure to comply with the conditions of his nonimmigrant status because he submitted an application for adjustment of status. That conclusion was based on language in *Matter of Gallares*, 14 I. & N. Dec. 250 (BIA 1972), which indicates that a nonimmigrant who seeks adjustment of status under section 245 of the Act thereby ceases to maintain status as a lawful nonimmigrant. We believe that our language in *Gallares* concerning the effect of an application for adjustment of status upon the maintenance of valid nonimmigrant status was overly broad.

As originally enacted, section 245(a) of the 1952 Act contained an express provision that: "Any alien who shall file an application for adjustment of his status under this section shall thereby terminate his nonimmigrant status." Act of June 27, 1952, ch. 477, § 245, 66 Stat. 217. The 1958 amendments to section 245 eliminated this provision. Act of August 21, 1958, Pub. L. No. 85–700, § 1, 72 Stat. 699. Since the legislative history of the 1958 amendments indicates that Congress was well aware of the provision automatically terminating nonimmigrant status, we must assume that the deletion of that provision was intentional. S. Rept. No. 2133, 85th Cong., 2d Sess., 1958 U.S. Code Cong. & Admin. News 3698, 3701. See also 2 C. Gordon & H. Rosenfield, Immigration Law and Procedure § 7.7(b) (1975).

Moreover, courts have held that a desire to remain in this country permanently in accordance with the law, should the opportunity to do so present itself, is not necessarily inconsistent with lawful nonimmigrant status. *Brownell* v. *Carija*, 254 F.2d 78, 80 (D.C. Cir. 1957); *Bong Youn Choy* v. *Barber*, 279 F.2d 642, 646 (C.A. 9, 1960). See also *Matter of H—R—*, 7 I. & N. Dec. 651 (R.C. 1958).

To the extent that our language in *Matter of Gallares*, supra, indicates that an application for adjustment of status automatically terminates lawful nonimmigrant status, that case is modified. We now hold that the filing of an application for adjustment of status is not necessarily inconsistent with the maintenance of lawful nonimmigrant status.

Evidence introduced at the hearing indicates that the respondent has been enrolled in school full time since his arrival in 1970 (Exhs. 6a, 6b, 6c, 7). The respondent's testimony indicated that he intended to remain a student even though he had applied for permanent resident status, and that he was willing to return home when his studies were completed if ordered to do so (Tr. pp. 46–7). The respondent also stated that he had not engaged in unauthorized employment, and that he was supporting himself and paying child support with funds from his family (Tr. p. 60). The Service apparently based the out of status charge solely on the fact that the respondent applied for adjustment of status. We conclude that the Service has failed to establish by clear, convincing, and unequivocal

evidence that the respondent is deportable under section 241(a)(9) of the Act for failure to comply with the conditions of his nonimmigrant status.

Nevertheless, the record establishes that the respondent's authorized stay in the United States expired on May 25, 1973 (Exh. 3). The respondent received no extension of his authorized stay beyond that date (Exh. 3; Tr. p. 48). Consequently, the respondent's deportability under section 241(a)(2) of the Act as a nonimmigrant who remained in the United States after the expiration, of his authorized stay has been established by clear, convincing, and unequivocal evidence.

Counsel contends that the respondent is not deportable as an overstay because by charging him with being out of status the Service in effect precluded him from obtaining an extension of his stay as a nonimmigrant student. The answer to this contention is threefold: (1) there is no evidence in the record that the respondent ever applied for an extension of his stay as a nonimmigrant student, (2) the order to show cause charging the respondent with being out of status was not issued until after the expiration of the respondent's authorized stay, and (3) the decision whether or not to extend a nonimmigrant's authorized stay is within the sole discretion of the district director and is not reviewable by the immigration judge or by us. *Matter of Halabi,* 15 I. & N. Dec. (BIA 1974).

Finally, counsel contends that the immigration judge should have reinstated the respondent to student status. However, the immigration judge had no jurisdiction to reinstate the respondent's student status. *Matter of Gallares,* supra; see *Matter of Halabi,* supra; *Matter of Sourbis,* 11 I. & N. Dec. 335 (BIA 1965).

The respondent is deportable as a nonimmigrant who remained beyond the authorized length of his stay. The appeal will be dismissed.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 64 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.