MATTER OF YAZDANI

In Deportation Proceedings

A-24218212

*Decided by Board February 10, 1981*

(1) Operations Instruction 214.2(f)(2) recognizes the District Director's power to reinstate a nonimmigrant's lapsed student status, but does not authorize a nonimmigrant student to transfer schools prior to securing Service permission.

(2) The power to reinstate student status or grant an extension of nonimmigrant stay lies within the exclusive jurisdiction of the District Director and neither the immigration judge nor the Board may review the District Director's determination.

(3) The regulation prohibiting an alien student from transferring schools without advance permission from the Service is an essential tool in Service efforts to keep track of alien students.

(4) A transfer of schools without Service permission, contrary to regulation, is a distinct violation of student status in itself which does not permit interpretation or evaluation. *Mashi* v. *INS,* 585 F.2d 1309 (5 Cir. 1978); *Matter of Murat-Kahn,* 14 I&N Dec. 465 (BIA ✦1973); and *Matter of C—,* 9 I&N Dec. 100 (BIA 1960), distinguished.

(5) A nonimmigrant student who transfers to a school other than that which she was authorized to attend without first securing permission from the Service is in breach of the conditions of her status and is thereby deportable under section 241(a)(9) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(9), even if she acted in good faith.

CHARGE:
Order: Act of 1952—Sec. 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmigrant—failed to comply with conditions of nonimmigrant status

ON BEHALF OF RESPONDENT: Dana Marks Keener, Esquire
Simmons & Ungar
517 Washington Street, Suite 301
San Francisco, California 94111

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated May 2, 1980, an immigration judge found the respondent deportable under section 241(a)(9) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(9), for failure to comply with the conditions of her nonimmigrant student status, but granted her the privilege of voluntary departure in lieu of deportation. The respondent appealed from that decision. The appeal will be dismissed.

626

The respondent is a 19-year-old native and citizen of Iran who entered the United States as a nonimmigrant student bound for a course of study at the University of Utah. She was admitted for the duration of her student status. Prior to her embarkation for this country, the respondent had been accepted for admission by both the University of Utah and the University of San Francisco and had obtained the requisite Form I-20, Certificate of Eligibility for Nonimmigrant "F-1" Student Status, from each institution. The Form I-20 from the University of San Francisco apparently arrived too late for the respondent to secure a visa to attend that school, however, and her visa was issued for attendance at the University of Utah.

The record reflects that upon her arrival in the United States, the respondent proceeded to the University of Utah, met with the Director of International Student Services there, and obtained that official's permission to transfer to the University of San Francisco together with his signature on her transfer request, Form I-538. The Form I-538 was submitted with the respondent's Form I-94 and her Form I-20 from the University of San Francisco to the Salt Lake City office of the Immigration and Naturalization Service.[1] The respondent then enrolled at the University of San Francisco, beginning classes on September 24, 1979.

In December 1979, the respondent reported to the Service's San Francisco office pursuant to 8 C.F.R. 214.5. These deportation proceedings were thereafter instituted by the issuance of an Order to Show Cause charging the respondent with deportability for having violated the conditions of her status by transferring from the school which she was authorized to attend to another school without obtaining advance permission from the Service. At the deportation hearing that ensued on May 2, 1980, the immigration judge found the respondent deportable as charged. The District Director subsequently reviewed the respondent's file to determine whether she should be reinstated to student status and on October 17, 1980, decided against reinstatement.

Section 214(a) of the Act, 8 U.S.C. 1184(a), provides in pertinent part:

The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe...

Under the regulations promulgated by the Attorney General, a

---

[1] The I-538, I-94 and I-20 package was transmitted for processing to the Service office in Raymond, Montana, which returned the package to the respondent for completion of one of the forms. The respondent supplied the additional information and sent the forms back to Raymond. The respondent was subsequently informed in response to an inquiry regarding the status of her application that the package had been returned to the Salt Lake City office. The forms were apparently lost along the way and it appears that the respondent's application for permission to transfer was never adjudicated on the merits.

nonimmigrant student must establish as a condition for admission that she is destined to and intends to attend the school specified in her visa. 8 C.F.R. 214.2(f)(2). She may not transfer to another school unless she submits a valid Form I-20 completed by that school and the Service grants her permission to transfer. 8 C.F.R. 214.2(f)(4). The regulations further provide that a nonimmigrant applying for admission must agree to abide by all the terms and conditions of her admission. 8 C.F.R. 214.1(a).

On appeal, the respondent through counsel argues (1) that *advance* permission to transfer is not required by the regulations, and (2) that the respondent is in any event not deportable because she substantially complied with the terms of her status in making application for a transfer. The respondent's arguments must be rejected.

In support of her first contention, the respondent points to language in Service Operations Instruction 214.2(f)(2) which she quotes as follows:

"... if a school transfer has been effected, and the transfer request is submitted to the office having jurisdiction over the school to which he has transferred, the receiving office may adjudicate the request *unless there is good reason not to do so.*" (Emphasis added by the respondent.)

The respondent maintains that the foregoing Operations Instruction casts doubt upon whether it is necessary for a student, in order to remain in status, to make application for permission to transfer *prior to* transferring schools. We disagree.

As previously noted, a nonimmigrant student is admitted for the purpose of attending a specified school and the regulations expressly provide that a student shall not be eligible to transfer to another school unless the Service grants her permission to transfer. 8 C.F.R. 214.2(f). An alien who transfers to a school other than that which she was authorized to attend without first securing Service permission is in breach of the conditions of her status and is thereby deportable under section 241(a)(9).

There is no question but that the District Director in charge of a Service office may through a retroactive grant of a transfer request reinstate an alien's student status, and Operations Instruction 214.2(f)(2) recognizes that power.[2] The power, however, to reinstate student status or grant an extension of nonimmigrant stay lies within the exclusive jurisdiction of the District Director and neither the immigration judge nor the Board may review the propriety of the District Director's determinations. *Matter of Teberen,* 15 I&N Dec. 689

---

[2] The portion of the Operations Instruction quoted by the respondent is jurisdictional, concerned solely with designating the Service office which may assume jurisdiction over a given application for transfer.

(BIA 1976); *Matter of Hosseinpour*, 15 I&N Dec. 191 (BIA 1975), *aff'd*, 520 F.2d 941 (5 Cir. 1975 (tabled case); *Matter of Gallares*, 14 I&N Dec. 250 (BIA 1972); *Matter of Sourbis*, 11 I&N Dec. 335 (BIA 1965). In the instant case, the District Director considered and denied reinstatement.[3]

We find the cases relied upon by the respondent as authority for her alternative argument to be inapposite. At issue in *Mashi v. INS*, 585 F.2d 1309 (5 Cir. 1978), was the proper interpretation to be given the statutory requirement that a nonimigrant student "pursue a full course of study" (*see* 101(a)(15)(F)(i) of the Act, 8 U.S.C. 1101(a)(15)(F)(i)) under superceded regulations which, unlike the present regulations, set forth no specific objective criteria for compliance with that requirement. Noting that the "12 credit" minimum requirement of the present regulations (8 C.F.R. 214.2(f)(1a)(ii)) did not apply to Mr. Mashi, the court found that he was in fact pursuing a full course of study and could not be deported for failure to comply with the conditions of his status simply because his academic load briefly dropped below 12 credits in the course of one semester.

Although the court in *Mashi, id.*, suggested in dictum that the same result might be reached on the facts before it under the present regulations, there is room for interpretation in determining whether the "12 credit" rule of 8 C.F.R. 214.2(f)(1a)(ii) has been satisfied that does not exist in determining whether an alien has received permission from the Service to transfer as required by 8 C.F.R. 214.2(f)(4). The question is whether there has been compliance, not whether there has been substantial compliance, with the regulation in question.

We likewise find the respondent's reliance on the Board's decisions in *Matter of Murat-Kahn*, 14 I&N Dec. 465 (BIA 1973), and *Matter of C—*, 9 I&N Dec. 100 (BIA 1960), to be misplaced. We held in those cases that a student's conviction which does not interfere with her studies so as to meaningfully disrupt her education does not constitute a failure to maintain status. The instant case is concerned not with an alleged disruption of studies but rather with a separate, distinct violation of status, transferring schools without Service permission, a breach specifically defined by the regulations.

Finally, we cannot agree with the respondent's characterization of her failure to secure advance permission to transfer as a "minor, highly technical" violation of her status. The regulation in question, 8

---

[3] Although the District Director gave no reasons for his denial of reinstatement in this case, it is possible that his decision was based upon a determination, which finds some support in the record (*see* Ex. 2, Form I-213), that the respondent never intended to attend the school specified on her visa. *See* Operations Instruction 214.2(f)(2). However, we need not speculate as to the District Director's rationale in view of our lack of jurisdiction over the question.

C.F.R. 214.2(f)(4), like other regulations governing the activities of nonimmigrant students, is an essential tool in the administration of our immigration laws. The widespread disregard of those regulations which would likely result from lax enforcement thereof would severely hamper the Service in fulfilling its responsibilities of keeping track of the thousands of alien students within our borders and of enforcing the immigration laws with respect to those students.

We note that the respondent appears to have acted in good faith in all of her dealings with the Government. However, so long as the enforcement officials of the Service choose to initiate proceedings against an alien and to prosecute those proceedings to a conclusion, the immigration judge and the Board must order deportation if the evidence supports a finding of deportability on the ground charged. *See Lopez-Telles* v. *INS*, 564 F.2d 1302 (9 Cir. 1977); *Guan Chow Tok* v. *INS*, 538 F.2d 36 (2 Cir. 1976); *Matter of Merced*, 14 I&N Dec. 644 (BIA 1974).

The respondent admittedly transferred from the school designated on her visa to another school without first receiving permission from the Service, an action that constitutes a violation of the conditions of her nonimmigrant student status and a ground for deportation under section 241(a)(9) of the Act. We find that deportability has been established by clear, unequivocal and convincing evidence on the basis of the respondent's concessions.

The appeal will accordingly be dismissed. In accordance with our decision in *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977), the respondent will be granted 15 days within which to voluntarily depart the United States in lieu of deportation.

ORDER: The appeal is dismissed.

FURTHER ORDER: The respondent is permitted to depart from the United States voluntarily and without expense to the Government within 15 days from the date of this order or any extension beyond that time as may be granted by the District Director; in the event of failure to so depart, the respondent shall be deported as provided in the immigration judge's order.