**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO GAMINO CORONA; MARGARITA SANCHEZ PEREZ, Petitioners, v. PAMELA BONDI, Attorney General, Respondent. | No. 19-70378 Agency Nos. A095-450-407 A095-450-408 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2026[**]
Pasadena, California

Before: TALLMAN, VANDYKE, and TUNG, Circuit Judges.

Francisco Gamino Corona and Margarita Sanchez Perez, a married couple who are natives and citizens of Mexico, seek review of the Board of Immigration Appeals' (BIA) denial of their fifth motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1.     The BIA did not abuse its discretion in concluding that Petitioners failed to demonstrate a material change in country conditions that warranted reopening. *See Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021). "Petitioner[s] repeatedly assert[] [they] made the required showing of changed country conditions before the [BIA], but cite[] no specific evidence" of baseline conditions in 2005 from which to draw a comparison. *See id.* at 1210.

For the first time on appeal, Petitioners argue that Mexico's current conditions should be compared to conditions in 2013, when they filed their previous motion to reopen, rather than in 2005, when they had their initial hearing. There are three flaws with this argument. First, Petitioners did not exhaust it below. Second, even if we were to consider it, it appears foreclosed by the plain statutory and regulatory language. *See* 8 C.F.R. § 1003.2(c)(3)(ii) (evidence must not have been available "at the *previous hearing*" (emphasis added)); *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016); *Filja v. Gonzales*, 447 F.3d 241, 252–54 (3d Cir. 2006). Third, Petitioners did not submit evidence of conditions in Mexico in 2013 with which to compare today's conditions.

2.     The BIA also did not abuse its discretion in holding that Petitioners failed to demonstrate prima facie eligibility for relief. Petitioners sought relief based on membership in particular social groups consisting of "their nuclear family, [being] perceived as having money or access to money and family members of

business and landowners."[1]  However, the particular social group of persons with wealth or perceived wealth is not a cognizable social group, where, as here, "[t]he record does not include evidence that Mexican society perceives wealthy business owners as a distinct group." *Macedo Templos v. Wilkinson*, 987 F.3d 877, 882 (9th Cir. 2021).  Moreover, the proffered evidence indicates "that criminals in Mexico will target anyone they believe can pay, regardless of their victim's background or reason for their wealth." *Id.* at 883; *see also Barbosa v. Barr*, 926 F.3d 1053, 1060 (9th Cir. 2019).  Nor did the BIA abuse its discretion in concluding that Petitioners did not establish a nexus between the feared harm and family membership: the record contains evidence that other individuals who are not family members were similarly victimized by criminals.  Further, the fact that other family members have been harmed, on its own, does not show that any harm Petitioners may face would be due to their family association.

3.      The BIA did not abuse its discretion in holding that Gamino Corona's health issues did not establish a change in country conditions.  "Changes in a petitioner's personal circumstances are only relevant where those changes are related to the changed country conditions that form the basis for the motion to reopen." *Rodriguez*, 990 F.3d at 1209–10; *see Almaraz v. Holder*, 608 F.3d 638, 640–41 (9th

---

[1] On appeal, Petitioners do not pursue relief on the bases of religion or political opinion.

3

Cir. 2010). The BIA also correctly explained that it does not have the discretion to grant relief from removal simply based on equitable or humanitarian grounds. *See Matter of Yazdani*, 17 I. & N. Dec. 626, 630 (B.I.A. 1981).

4. The BIA did not err in failing to grant the motion simply because the Department of Homeland Security did not file a timely objection. The lack of objection does not excuse Petitioners' "heavy burden" to show that reopening is warranted. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008).

5. Finally, aside from the conclusory assertion that "equal protection laws have been violated," Petitioners do not otherwise advance this argument in their briefs. We find the argument is therefore forfeited, and we decline to address it. *See Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022).

**PETITION FOR REVIEW DENIED.**